IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KHIRY MORRIS                                                                                           PLAINTIFF

v.                                   Civil No. 13-5091

NURSE RHONDA; GUARD
CONNER; GUARD MORGAN;
and the WASHINGTON COUNTY
DETENTION CENTER                                                                                DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The Plaintiff, Khiry Morris, filed this action pursuant to the terms of 42 U.S.C. § 1983. He proceeds *in forma pauperis* and *pro se*.

When he filed this case, Plaintiff was incarcerated at the Washington County Detention Center (WCDC). He was specifically advised that he must immediately notify the Court of any change in his address (Doc. 3).

On August 30th, mail sent to the Plaintiff at the WCDC was returned as undeliverable. There was a notation that he was no longer at the WCDC.

On September 10th, Court staff obtained the home address Plaintiff had provided to the detention center when he was booked in. A change of address was entered for Plaintiff (Doc. 23). On September 17th, mail was returned marked return to sender. The Court has no other address for the Plaintiff.

On October 17th, the Defendants filed a motion to dismiss (Doc. 25) based on the fact that they could not serve the Plaintiff with discovery requests. Since it appeared that a notice of

AO72A
(Rev. 8/82)

deposition had been delivered by Federal Express, counsel for Defendants appeared and make a record of Plaintiff's non-appearance (Doc. 28).

The Court has not had an accurate address for the Plaintiff since August 30th. Plaintiff has not contacted the Court in anyway. He has not submitted a change of address and has filed no documents with the Court.

I therefore recommend that the motions to dismiss (Docs. 25 & 28) be granted based on the Plaintiff's failure to keep the Court and defense counsel informed of his address and his failure to prosecute this action. The case should be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of December 2013.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE

-2-

**AO72A**
**(Rev. 8/82)**